UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                          2:01-cr-15-FtM-29DNF

DONALD F. REAGAN
_____

**OPINION AND ORDER**

     This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals to make a factual determination of excusable neglect or good cause in regard to the late filing of defendant's Notice of Appeal (Doc. #95). On April 6, 2005, the Court entered an Order (Doc. #96) directing defendant to file an Affidavit and/or supporting documents demonstrating excusable neglect or good cause. On April 26, 2005, defendant filed an Affidavit (Doc. #97). On May 9, 2005, the Court found that the issue on remand was moot based on the May 3, 2005, decision by the Eleventh Circuit dismissing the appeal for want of prosecution. (Doc. #98). On July 21, 2005, the Eleventh Circuit reinstated the appeal and directed the District Court to make the excusable neglect or good cause determinations previously ordered. (Doc. #103).

     Defendant's Notice of Appeal stems from the Court's January 25, 2005, Order (Doc. #93) denying his request for early termination of supervised release. Under Fed. R. App. P. 4(b)(1)(A), the Notice of Appeal must be filed within 10 days of

the January 25, 2005, Order, therefore, the Notice of Appeal was due on or before February 4, 2005.  The Notice of Appeal (Doc. #94) is dated February 4, 2005, but was not filed until February 14, 2005.  The envelope reflects that the letter was received by the post office for local delivery on February 10, 2005.  Defendant states that he inadvertently misread the rules and counted incorrectly by excluding weekends and adding three days for mailing.

Where this type of mistake is made by an attorney, as a matter of law there cannot be excusable neglect.  <u>Advanced Estimating Sys., Inc. v. Riney</u>, 130 F.3d 996 (11th Cir. 1997).  This is not the rule applied to a *pro se* defendant in a criminal case, since such cases are routinely remanded to the district court for individual determinations.

Defendant's failure to file a timely notice of appeal has not been shown to be for good cause.  However, none of the four factors in <u>Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ships</u>, 507 U.S. 380 (1993) weigh against a finding of excusable neglect.  There is no apparent prejudice to the government; the length of delay was short and the potential impact on judicial proceedings is slight; the reason for the delay is not unreasonable for a *pro se* litigant; and there is no indication that defendant acted without good faith.  On the other hand, defendant has twice filed notices of appeal from post-conviction orders in a timely fashion (Docs. #76, #88),

suggesting that he either knew the procedural rules or was simply fortunate.  Considering all the circumstances, the Court finds that defendant has established excusable neglect.

For the reasons stated herein, the Court finds that defendant has failed to demonstrate good cause but has demonstrated excusable neglect for the late filing of the Notice of Appeal.

Accordingly, it is now

**ORDERED:**

The Clerk shall return the record, including a certified copy of this Opinion and Order, to the Eleventh Circuit Court of Appeals for further action.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of July, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
USCA
Counsel of Record
Donald F. Reagan